IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,846-01




EX PARTE JAVIER MEJIA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 959190-A IN THE 179TH DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to ninety-five days’ imprisonment. He did not appeal his
conviction.
            Applicant contends, among other things, that adjudication-of-guilt counsel rendered his plea
of true involuntary. The trial court found that when Applicant pleaded true to the State’s motion to
adjudicate, he believed that he had no choice but to do so based on counsel’s advice, even though
the allegations in the State’s motion to adjudicate were not true; he did not know that the agency that
conducted his urinalysis was not conducting such tests in a reliable way; he would not have pleaded
true had he known about the reliability of such tests; and he believed his only choice was to “take
the plea.” The trial court recommended that we grant relief. 
            We believe that the trial court should make further findings and conclusions and develop the
record. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings and conclusions as to whether the State was
prejudiced by Applicant’s delay, Ex parte Perez, No. AP-76,800, 2013 Tex. Crim. App. LEXIS 739
(Tex. Crim. App. May 8, 2013); whether the affidavit adjudication-of-guilt counsel filed is credible;
and what evidence, if any, shows that the testing procedures at the Harris County Probation
Department were unreliable in 2004, when Applicant was adjudicated guilty. The trial court shall
also order the District Clerk to forward a copy of the State’s motion to adjudicate. The trial court
shall also make any other findings and conclusions that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: July 24, 2013
Do not publish